## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANTONIO R. WEATHERSBY** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:26cv2-HSO-BWR** |
| | § | |
| | § | |
| **BOILERMAKERS UNION and** | § | |
| **HUNTINGTON INGALLS** | § | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' JOINT MOTION [8] TO DISMISS; DENYING PLAINTIFF'S MOTION [11] TO STAY PROCEEDINGS; DENYING PLAINTIFF'S REQUEST TO AMEND COMPLAINT [1]; AND DECLINING SUPPLEMENTAL JURISDICTION OVER ANY STATE-LAW CLAIMS

Pro se Plaintiff Antonio R. Weathersby brings suit under 29 U.S.C. § 185 (Section 301 of the Labor Management Relations Act) and asserts "a 'hybrid § 301/fair representation claim,' that is, a suit that combines a § 301 claim against the employer with a duty of fair representation claim against the union." *Miranda v. Nat'l Postal Mail*, 219 F. App'x 340, 345 (5th Cir. 2007). Named as Defendants are Boilermakers Union and Huntington Ingalls. *See* Compl. [1]. Defendants filed a Joint Motion [8] to Dismiss under Federal Rule of Civil Procedure 12(b)(6), *see* Mot. [8]; Mem. [9], and Plaintiff responded with a Motion [11] to Stay Proceedings and a Response [12] that requesting that, if Defendants' Joint Motion [8] to Dismiss is granted, he be permitted leave to amend or that his Motion [11] to Stay be granted, *see* Resp. [12] at 6-7; Mot. [11].

Because the Complaint [1] fails to state a claim upon which relief may be granted and is otherwise time-barred, Defendants' Joint Motion [8] to Dismiss should be granted, and Plaintiff's hybrid § 301/fair representation claim should be dismissed with prejudice. His request to amend and Motion [11] to Stay should be denied. To the extent Plaintiff's filings could be liberally construed to assert any state-law claims, the Court will decline to exercise supplemental jurisdiction over them, and they will be dismissed without prejudice.

## I. BACKGROUND

Proceeding pro se, on January 5, 2026, Plaintiff Antonio R. Weathersby ("Plaintiff" or "Weathersby") filed his Complaint [1] against Defendants Boilermakers Union and Huntington Ingalls ("Defendants"), invoking the Court's federal question jurisdiction. *See* Compl. [1] at 1, 3. The Complaint [1] asserts a hybrid § 301/fair representation claim under 29 U.S.C. § 185 (Section 301 of the Labor Management Relations Act ("LMRA")), *see id.* at 3, and alleges that Defendants retaliated against him by "providing spurious/fake allegations to HSI during a pending NLRB charge," *id.* at 4.

Defendants have filed a Joint Motion [8] to Dismiss and attached as an exhibit a March 22, 2022, charge Plaintiff filed with the National Labor Relations Board ("NLRB") against the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, Local 693. *See* Mot. [8]; Ex. [8-1] at 1. According to the charge, "[s]ince about February 25, 2022, [the Boilermakers Union] has restrained and coerced employees in the exercise of rights protected by Section

7 of the Act by refusing to arbitrate the grievance of Antonio Weathersby regarding his termination for arbitrary and discriminatory reasons or in bad faith." Ex. [8-1] at 1. Defendants argue that the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) and is otherwise time-barred. *See* Mot. [8]; Mem. [9]. To the extent Plaintiff seeks leave to amend, Defendants argue any amendment would be futile because the statute of limitation has run. *See* Mem. [9] at 7; Reply [13] at 3-4.

In response, Plaintiff filed a Motion [11] to Stay, claiming that he filed the Complaint [1] after he "became aware that the Union and Ingall's [sic] were attacking [him]," Mot. [11] at 1, and that he "has reconsideration appeal pending at NLRB Appeal's," *id.* at 2. According to Plaintiff, he "had to file his hybrid 301 to be within 6-month deadline, while Plaintiff['s] appeal is still pending at NLRB," as the "NLRB actions involve overlapping facts." *Id.* He therefore asks the Court to stay this action "pending final NLRB resolution of the reconsideration appeal." *Id.* at 3.

On the merits, Plaintiff responds that he has adequately stated a claim and given fair notice "under the federal notice-pleading standards, especially for pro se filings." Resp. [12] at 2; *see id.* at 4. He restates certain "key facts . . . for clarity":

- Ingalls terminated Plaintiff despite COVID-19 vaccine compliance and doctor's excuse for side effects, frivolous write-ups issued.
- Related unfair labor practice charge filed with NLRB, now on reconsideration appeal/pending in Washington, D.C.
- Defendants jointly made a false report to DHS accusing Plaintiff of social media threats post-termination and pending NLRB matter.
- DHS investigated (encountered Plaintiff) and fully cleared Plaintiff – no basis, video, is at NLRB appeals.

*Id.* at 3. Plaintiff insists that the Complaint plausibly pleads:

- Defamation/libel/slander (false DHS report accusing criminal threats – defamatory per se under Mississippi common law; falsity shown by clearance) . . . .
- Potential LMRA § 301 hybrid claims (breach of CBA by Ingalls; breach of duty of fair representation by Union) . . . . .

*Id.* at 5. According to Plaintiff, his "[d]efamation claim is independent and not preempted. The false DHS report is a discrete tort not requiring CBA interpretation." *Id.* And the "pending NLRB appeal tolls or excuses further steps," which counsels a stay of the case rather than its dismissal. *Id.* at 6. Alternatively, Plaintiff seeks leave to amend under Federal Rule of Civil Procedure 15(a)(2). *See id.*

## II.  DISCUSSION

A.  Defendants' Joint Motion [8] to Dismiss

1.  Failure to State a Claim under Rule 12(b)(6)

To withstand a Rule 12(b)(6) motion to dismiss, a pleading "must contain sufficient factual matter, if accepted as true, to state a claim to relief that is plausible on its face." *Lindsay v. United States*, 4 F.4th 292, 294 (5th Cir. 2021) (quotation omitted). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Lindsay*, 4 F.4th at 294 (quotation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

While a court must "accept all well-pleaded allegations as true and construe the complaint in the light most favorable to the plaintiff," it need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quotations omitted). "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Ackerman v. Arkema Inc.*, 157 F.4th 715, 717 (5th Cir. 2025) (quotation omitted).

2.    Hybrid § 301/Fair Representation Claim

The only claim that the Court can discern from the face of the Complaint [1] itself is a federal hybrid § 301/fair representation claim. *See* Compl. [1].

> Such hybrid suits formally comprise two causes of action. First, the employee alleges that the employer violated § 301 of the Labor Management Relations Act, 1947 (LMRA), 61 Stat. 156, 29 U.S.C. § 185, by breaching the collective-bargaining agreement. Second, the employee claims that the union breached its duty of fair representation, which this Court has implied from the scheme of the NLRA, by mishandling the ensuing grievance-and-arbitration proceedings.

*Reed v. United Transp. Union*, 488 U.S. 319, 328 (1989). Therefore, "[h]ybrid § 301 actions are comprised of two elements: 1) an allegation that the employer breached the collective bargaining agreement; and 2) an allegation that the union breached

5

its duty of fair representation." *Gibson v. U.S. Postal Serv.*, 380 F.3d 886, 888 (5th Cir. 2004).

A hybrid action "may be brought against either the employer, the union, or both; regardless, both elements must be proven' for the action to succeed." *Suter v. Louisiana Philharmonic Orchestra*, No. 05-30824, 2006 WL 1877220, at *2 (5th Cir. July 5, 2006) (per curiam) (quoting *Gibson*, 380 F.3d at 889). "To prevail against either the company or the Union, employee-plaintiffs must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983) (quotations and alterations omitted).

For such claims, courts borrow the six-month statute of limitations of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b). *See Miranda v. Nat'l Postal Mail*, 219 F. App'x 340, 345 (5th Cir. 2007) (citing *DelCostello*, 462 U.S. at 163-64, 171-72). "The statutory period begins to run when the plaintiff either knew or should have known of the injury itself, i.e., the breach of duty of fair representation, rather than of its manifestations." *Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170, 171 (5th Cir. 1989).

"Although the Fifth Circuit has not expressly decided the issue of whether the filing of an NLRB charge tolls the statute of limitations for a section 301 claim, the court has suggested that the issue would be decided to the contrary," and "several circuit courts of appeal have rejected the argument that the filing of a NLRB complaint equitably tolls the state of limitation on hybrid 301 claims." *Horn*

*v. Transdev Servs., Inc.*, No. CV 20-3323, 2021 WL 4312694, at *4 (E.D. La. July 29, 2021), *report and recommendation adopted*, No. CV 20-3323, 2021 WL 4311050 (E.D. La. Sept. 22, 2021) (collecting cases); *see also, e.g., Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union (AFL-CIO, CLC) Loc. 421 v. A-CMI Michigan Casting Ctr.*, 191 F.3d 764, 769 (6th Cir. 1999) (recognizing that NLRB proceedings are not a prerequisite to a hybrid § 301/fair representation claim, and that the policy and reasoning underlying the cases that have refused to find tolling is that "labor disputes are to be resolved expeditiously and without delay"). *Horn* reasoned that, because NLRB proceedings are not a prerequisite to hybrid § 301/fair representation claims, an NRLB charge filed within the six-month limitations period does not salvage a late-filed hybrid § 301/fair representation claim. *See Horn*, 2021 WL 4312694, at *4. "That [the plaintiff] did not know that he could also file a charge with the NLRB while simultaneously pursuing his section 301 claim in court is not enough to justify tolling the six-month statute of limitations." *Id.*, at *5.

3.   <u>Analysis</u>

The Court first addresses whether it can consider Plaintiff's NLRB charge, which Defendants attached as Exhibit "1" to their Joint Motion [8] to Dismiss. The Complaint [1] references the NLRB charge, *see* Compl. [1] at 4, and it appears to be central to its claims, asserting that Defendants made false allegations during the pendency of the charge, *see id.*; Resp. [12] at 3. The Court can therefore consider it without converting the Motion [8] to one for summary judgment. *See PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023).

Even under the most liberal reading of the Complaint [1], there are insufficient facts pled that indicate Huntington Ingalls violated a CBA or that the Boilermakers Union breached its duty of fair representation. *See Reed*, 488 U.S. at 328; *Gibson,* 380 F.3d at 889. Because Plaintiff has not pleaded facts tending to show that his discharge was contrary to the CBA or that there was a breach of duty by the Boilermakers Union, his hybrid § 301/fair representation claim should be dismissed. *See DelCostello*, 462 U.S. at 165.

In addition, it is "evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Ackerman*, 157 F.4th at 717. The Complaint [1] makes allegations concerning what Defendants did during the pendency of Plaintiff's NLRB charge. *See* Compl. [1] at 4; *see also* Mot. [11] at 3 (citing NLRB case 15-CB-292748). According to the NLRB's publicly available docket, of which the Court can take judicial notice,[1] Plaintiff filed a charge against the Boilermakers Union in March 2022, followed by an amended charge in August 2024. *See* NLRB, https://www.nlrb.gov/case/15-CB-292748 (last visited Mar. 10, 2026). Plaintiff filed an amended charge against Huntington Ingalls on January 6, 2025. *See id.* Plaintiff did not file his Complaint [1] in this Court until January 5, 2026, which was 12 months later, *see* Compl. [1], well beyond the applicable statute

---

[1] "Judicial notice may be taken of any fact 'not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *United States v. Herrera-Ochoa*, 245 F.3d 495, 501 (5th Cir. 2001) (quoting Fed. R. Evid. 201(b)).

of limitations for hybrid § 301 claims, *see DelCostello*, 462 U.S. at 163-64, 171-72;

*Barrett*, 868 F.2d at 171; *Miranda*, 219 F. App'x at 345.

Plaintiff's Response [12] states that he filed his "Complaint on 12-15-2025

after becoming aware of Boilermaker's Union attorney 'Affirmative Defenses' on

June 2025, which proves Plaintiff met the 6-month window." Resp. [12] at 7.

Although the Complaint [1] was signed on December 15, 2025, *see* Compl. [1] at 5, it

was not docketed until January 5, 2026, *see id.* at 1. Plaintiff is not incarcerated,

*see id.*, and so he does not receive the benefit of the prison mailbox rule, *see, e.g.,*

*Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir. 1998) (recognizing that "a pro se

prisoner litigant's Section 1983 complaint is filed as soon as the pleadings have

been deposited into the prison mail system"). Even if Plaintiff did not become

aware of the issues that form the basis of his hybrid § 301/fair representation claim

until the end of June 2025, *see* Resp. [12] at 7, the six-month limitations period ran

at the latest on December 30, 2025, *see id.*; *DelCostello*, 462 U.S. at 163-64, 171-72;

*Barrett*, 868 F.2d at 171; *Miranda*, 219 F. App'x at 345. Plaintiff's Complaint [1],

which was filed on January 5, 2026, was therefore untimely, *see* Compl. [1], and the

pleadings do not raise any basis for tolling, so dismissal is appropriate, *see*

*Ackerman*, 157 F.4th at 717.

B.    Plaintiff's Motion [11] to Stay

Plaintiff asks the Court to stay this case due to his pending appeal in the

NLRB proceedings. *See* Mot. [11] at 2-3. NLRB proceedings run parallel to a

plaintiff's ability to pursue relief in court, *see Horn*, 2021 WL 4312694, at *4, and

the Court has determined that the hybrid § 301/fair representation claim should be dismissed.  Plaintiff's request to stay is not well taken and should be denied.

C.    <u>Plaintiff's Request for Leave to Amend</u>

Plaintiff alternatively requests leave to amend under Federal Rule of Civil Procedure 15(a)(2).  *See* Resp. [12] at 6.  Under Rule 15(a)(2), the Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), which "evinces a bias in favor of granting leave to amend, unless there is a substantial reason to deny leave to amend," *Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668, 677 (5th Cir. 2025) (per curiam) (quotation omitted).  "Substantial reasons include repeated failure to cure deficiencies by amendments previously allowed and futility of amendment."  *Id.* (quotations omitted).  "Amending pleadings would be futile if the complaint as amended would be subject to dismissal."  *Clark v. Dep't of Pub. Safety & Corr.*, 141 F.4th 653, 662 (5th Cir. 2025).  For example, a requested amendment is futile "if the amended complaint would fail to state a claim upon which relief could be granted."  *Doe 1*, 150 F.4th at 677 (quotation omitted).

Plaintiff's tacked-on request to amend contained in his Response violates the Court's Local Uniform Civil Rules because he did not file it as a separate motion.  *See* L.U. Civ. R. 7(b) ("Any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this rule."); L.U. Civ. R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document.  Any motion must be an item docketed separately from a response."); *Williams v. BFI Waste*

*Servs., LLC*, No. 3:16-CV-75-DPJ-FKB, 2017 WL 1498230, *3 (S.D. Miss. Apr. 24, 2017) (stating "a motion cannot be asserted in the body of a response").  And "[g]enerally, a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)."  *Hicks v. Ashworth*, No. 24-20331, 2025 WL 3281407, at *4 (5th Cir. Nov. 25, 2025) (per curiam) (quotation omitted).  Plaintiff also did not attach a proposed Amended Complaint for the Court to consider, as required by the Local Rules.  *See* L.U. Civ. R. 7(b)(2).

The Fifth Circuit has indicated that a district court should consider such requests by pro se parties "to be a motion to amend to include the new factual allegations" set forth in the brief.  *Hicks*, 2025 WL 3281407, at *4.  Here, however, Plaintiff did not set forth any new factual allegations in his brief that would, in conjunction with his Complaint [1], plausibly state a hybrid § 301/ fair representation claim against any Defendant.  *See id.*; Resp. [12]; Compl. [1].  Nor has he submitted a proposed pleading or stated what facts he could include to cure the deficiencies in his pleadings.  This "'bare request in an opposition [to] a motion to dismiss' absent particular grounds is inadequate," because "[w]hen seeking leave to amend, the movant must set forth 'with particularity the grounds for the amendment and the relief sought.'"  *Diagnostic Affiliates of Ne. Hou, LLC v. Aetna, Inc.*, 654 F. Supp. 3d 595, 611 (S.D. Tex. 2023) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)).  Moreover, the hybrid § 301/fair representation claim is time-barred.  So, Plaintiff's proposed

amendment would be futile. Plaintiff's passing request to amend in his Response [12] should be denied.

"When the dismissal of a pro se complaint is appropriate, it *should generally be done without prejudice in order to allow the plaintiff an opportunity to file an amended complaint.*" *James v. Smith*, 152 F.4th 594, 610 (5th Cir. 2025) (emphasis in original) (quotation omitted). But "a district court may dismiss with prejudice if the plaintiff has been given adequate opportunity to cure the inadequacies in his pleading or if the pleadings demonstrate that the plaintiff has pleaded his *best case.*" *Id.* (emphasis in original) (quotation omitted).

Plaintiff could have filed an Amended Complaint as of right within 21 days of Defendants' Joint Motion [8] to Dismiss, but he did not. *See* Fed. R. Civ. P. 15(a)(1)(B). Instead, he included a general, alternative request to amend in his Response [12] without providing any additional facts that could cure the deficiencies in his pleadings, *see* Resp. [12], and the hybrid § 301/fair representation claim is futile because it is time-barred. Based on the current record, Plaintiff has pleaded his best case, and his hybrid § 301/fair representation claim should be dismissed with prejudice. *See James*, 152 F.4th at 610.

D.    Exercise of Supplemental Jurisdiction

The Court cannot reasonably construe the Complaint [1] to assert any state-law claims, but Plaintiff's Response [12] indicates that he was also raising a claim for defamation. *See* Resp. [12] at 5. To the extent the pleadings could somehow be construed to raise any state-law claims, the Court questions whether it should

decline to exercise supplemental jurisdiction over those claims under 28 U.S.C.
§ 1367(c).

Section 1367(a) affords supplemental jurisdiction over state-law claims not
within the Court's original jurisdiction,[2] but that "are so related to claims in the
action within such original jurisdiction that they form part of the same case or
controversy . . . ." 28 U.S.C. § 1367(a). But the statute also "spells out
circumstances . . . in which a federal court may decline to hear a state claim falling
within the statute's bounds," *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22,
27 (2025), including if "the district court has dismissed all claims over which it has
original jurisdiction," 28 U.S.C. § 1367(c)(3). "District courts enjoy wide discretion
in determining whether to retain supplemental jurisdiction over a state claim once
all federal claims are dismissed." *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872
(5th Cir. 2016) (per curiam) (quotation omitted). In deciding whether to exercise
supplemental jurisdiction, a court considers the "common law factors of judicial
economy, convenience, fairness, and comity." *Id.* (quotation omitted). "And based
on these factors, [the Fifth Circuit has] elucidated the general rule that a court
should decline to exercise jurisdiction over remaining state-law claims when all
federal-law claims are eliminated before trial." *Id.* (quotation omitted).

---

[2] Plaintiff only alleged federal question jurisdiction and did not check the box on his form
Complaint [1] for diversity jurisdiction. *See* Compl. [1] at 3. Moreover, it appears from the
record that complete diversity of citizenship is lacking. Plaintiff sued his labor union,
Boilermakers Union, and "[u]nincorporated associations, such as labor unions, share
citizenship with each of their members for diversity purposes." *Wadhams v. Am. Fed'n of
Tchrs.*, No. 22-40246, 2022 WL 14461695, at *1 (5th Cir. Oct. 25, 2022) (per curiam) (citing
*Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1067 n.17 (5th Cir. 1980)). Because
Plaintiff is a member of the Union, it would share Plaintiff's citizenship. *See id.*

Considering the foregoing factors, the Court finds that it should decline to exercise supplemental jurisdiction over any remaining state-law claims, which are not within its original jurisdiction. *See id*.; 28 U.S.C. § 1367(c)(3). This case remains in its infancy, and no Case Management Order has been entered or trial date set. No discovery has occurred, and the sole federal claim will be dismissed well in advance of any trial. The Court therefore declines to exercise supplemental jurisdiction and will dismiss any remaining state-law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3).

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Antonio R. Weathersby's Motion [11] to Stay Proceedings and request to amend his Complaint [1] are **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants Boilermakers Union and Huntington Ingalls' Joint Motion [8] to Dismiss is **GRANTED**, and Plaintiff Antonio R. Weathersby's federal hybrid § 301/fair representation claim is **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Court **DECLINES** to exercise supplemental jurisdiction over any remaining state-law

14

claims, and those claims are **DISMISSED WITHOUT PREJUDICE**.  A separate

final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

    **SO ORDERED AND ADJUDGED**, this the 11th day of March, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE